UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| **TERESA NAPIER, as legal guardian of minor child, R.C.,**<br><br>    **Plaintiff,**<br><br>V.<br><br>**SUPER FIREWORKS and CRAZY CARL'S FIREWORKS,**<br><br>    **Defendants.** | **CIVIL ACTION NO. 6:24-cv-169-KKC**<br><br><br>**OPINION & ORDER** |

\* \* \* \* \* \* \* \*

This matter is before the Court on the Defendants' motions to dismiss. (DE 11, 15.) For the following reasons, the motions are denied.

**I.   Factual Background**

Teresa Napier brought this action against Super Fireworks and Crazy Carl's Fireworks (the "Defendants") on behalf of her minor child for injuries the child sustained while operating a firework purchased from the Defendants. Napier is a resident of Kentucky and alleges that the Defendants are business entities that are citizens of Tennessee. The Defendants move to dismiss on the grounds that this Court lacks (1) subject matter jurisdiction over this action, and (2) personal jurisdiction over the Defendants.

**II.   Analysis**

   **a.   The Defendants' first motion to dismiss**

The Defendants filed their first motion to dismiss on March 18, 2025. (DE 11.) Napier subsequently filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a). This renders the Defendants' first motion to dismiss moot. *See Kentucky Press Ass'n, Inc. v.*

1

*Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot."). As such, the Court will deny the first motion to dismiss (DE 11) as moot.

### b. Subject matter jurisdiction

In their second motion to dismiss, the Defendants argue that the Court lacks subject matter jurisdiction over this case. Napier alleges that subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because this is a civil action involving citizens of different states and the amount in controversy exceeds $75,000. (DE 13 at 3.) As the action is currently plead, complete diversity exists between the parties. That is because Napier is a citizen of Kentucky and claims that the Defendants are citizens of Tennessee. (DE 13 at 2.)

The Defendants argue that the Court's analysis must not end there. Rather, the Defendants contend that the Court must also consider whether the proper parties are presently before it. They cite *DT GRAT JMT, LLC v. Keeney*, No. CV 17-101-DLB-CJS, 2017 WL 5194063, at *3 (E.D. Ky. Nov. 9, 2017) for support. In *Keeney*, the district court evaluated whether the "real part[ies] in interest" were before it, pursuant to Federal Rule of Procedure 17(a), as a part of its subject matter jurisdiction analysis. *Id*. at *4. The court found that parties other than the named plaintiffs were the real parties in interest, determined the citizenship of the real plaintiffs in interest, and dismissed the case for want of jurisdiction when it concluded that those plaintiffs were not diverse from the defendants. *Id*. at *7.

Here, the Defendants ask the Court to conduct a slightly different inquiry, and this ultimately makes *Kenney* distinguishable. In this case, the Defendants ask the Court to find that it lacks subject matter jurisdiction because the "capacity of Defendants is such that they cannot be sued." (DE 15 at 6.) Essentially, the Defendants argue that they lack the capacity to be sued under Federal Rule of Civil Procedure 17(b). Circuit precedent, however, dictates that capacity challenges do not implicate the Court's jurisdiction. *Davis v. Lifetime Cap., Inc.*,

2

560 F. App'x 477, 478 n.2 (6th Cir. 2014) (citing *Brown v. Keller*, 274 F.2d 779, 780 (6th Cir. 1960)) ("Generally, capacity is considered an affirmative defense, not a jurisdictional issue.").

Accordingly, the Court reads the Defendants' capacity challenge as one properly brought under Federal Rule of Civil Procedure 12(b)(6). This challenge, however, must yield until the Court has resolved the Defendants' other jurisdiction-based objection. *In re 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) ("courts must decide jurisdictional issues before merits issues.").

### c. Personal jurisdiction

The Defendants also argue that this Court lacks personal jurisdiction over them. For personal jurisdiction to exist over a defendant, the Due Process Clause requires that the defendant have "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Personal jurisdiction can be specific or general, depending on the type of minimum contacts in a case. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1116 (6th Cir. 1994).

Here, the Defendants support their argument that this Court lacks personal jurisdiction over them by submitting affidavits from an individual named Carson Lakes. In the affidavits, Lakes asserts that he is the sole proprietor of both Defendants. (DE 22-2, p. 1.) He also states that the Defendants are located only in Tennessee and that their websites exist only for the purpose of advertising their locations. (DE 15-2, p. 1-2.) Further, Lakes attests that the Defendants have never supplied or shipped goods in Kentucky, nor have either transacted business in Kentucky. (DE 22-2, p. 2.)

On their face, Lakes' affidavits cast doubt on the Defendants' contacts with Kentucky. In response, Napier asks the Court to permit jurisdictional discovery so that she may explore the Defendants' potential contacts with Kentucky.

When ruling on a Rule 12(b)(2) motion to dismiss, the Court "may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). And "[a]lthough the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Carr v. DJO Inc.*, No. 3:12–cv–42, 2012 WL 3257666, at *3 (S.D. Ohio Aug. 8, 2012) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

The Court will permit jurisdictional discovery in this case. For one, Napier's claims are not "clearly frivolous." Moreover, irregularities in Lakes' affidavits give the Court pause regarding the accuracy of the information included therein. In his affidavits, Lakes asserts that both Defendants "are not corporations or limited liability corporations registered in the state of Tennessee or any other state." (DE 15-2, p. 1 and DE 22-1, p. 1.) Lakes signed the first affidavit (DE 15-2) on April 21, 2025, and he signed the second affidavit (DE 22-1) on June 18, 2025. The Court conducted its own research and discovered that defendant Crazy Carl's was registered as a corporation, by Lakes, on April 18, 2025. Thus, it was inaccurate for Lakes to attest that Crazy Carl's was not incorporated on April 21st or June 18th.

Based on the foregoing, Napier will be granted sixty (60) days from the date of entry of this Opinion & Order to engage in jurisdictional discovery.

### III. Conclusion

Being otherwise sufficiently advised, it is HEREBY ORDERED that

(1) the Defendants' motion to dismiss (DE 11) is DENIED as moot;

(2) jurisdictional discovery SHALL BE PERMITTED subject to the following conditions:

    a. discovery SHALL be limited to jurisdictional issues; and

4

    b. discovery SHALL close at the end of sixty (60) days from the date of entry of this Opinion & Order; and

(3) the Defendants' motion to dismiss (DE 15) is DENIED without prejudice, with leave to refile within twenty-one (21) days after the close of jurisdictional discovery.

This 22nd day of July, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY